**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:99-383-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Daronne Shaw, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 22, 2000, the defendant pleaded guilty to conspiracy to distribute and to

possess with intent to distribute cocaine base.  The Court sentenced the defendant to 240 months

in prison followed by 5 years supervised release.  On December 18, 2002, the Fourth Circuit

Court of Appeals affirmed the defendant's conviction and sentence.  On July 16, 2007, the

government moved to reduce the defendant's sentence for substantial assistance.  On September

17, 2007, the Court granted the government's motion and reduced the defendant's sentence to

120 months in prison and ruled that all other provisions of the sentence remain as imposed.  On

September 19, 2007, the amended judgment was entered.

On January 9, 2006, the defendant moved to preserve a <u>Booker</u> claim.  The defendant

claims that his sentence violated the Sixth Amendment.  Only 28 U.S.C. § 2555 authorizes a

district court to grant the relief that the defendant seeks in this motion.  Accordingly, the Court

hereby advises the defendant of its intent to recharacterize the motion as one pursuant to § 2255.

*See* <u>United States v. Emmanuel</u>, 288 F.3d 644, 649 (4th Cir. 2002) (requiring notice to a

defendant before a district court, *sua sponte*, converts a motion to one under § 2255).

The defendant is directed to take notice of the restrictions on successive or second

Page 1 of  2

motions as set forth in § 2244(a) and § 2255.  A defendant must be careful to include all grounds

for relief in an initial § 2255 motion because the ability to raise other grounds later have been

limited by the following provisions:

> (a) No circuit or district judge shall be required to entertain an application for a
> writ of habeas corpus to inquire into the detention of a person pursuant to a
> judgment of a court of the United States if it appears that the legality of such
> detention has been determined by a judge or court of the United States on a prior
> application for a writ of habeas corpus, except as provided in section 2255.
>
> A second or successive motion must be certified as provided in section 2244 by a panel

of the appropriate court of appeals to contain–

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new constitutional law, made retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Court therefore orders the defendant to respond to the Court's proposed

recharacterization within 30 days from the date of the filing of this order.  Failure to respond

within the allotted time will result in the original motion being recharacterized as a § 2255

motion.

**AND IT IS SO ORDERED**.

October 24, 2007                    **C. WESTON HOUCK**
Charleston, South Carolina          **UNITED STATES DISTRICT JUDGE**